UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA, INDIANAPOLIS DIVISION

HASTINGS INSURANCE COMPANY f/k/a
HASTINGS MUTUAL INSURANCE COMPANY,

Plaintiff,

v.

HORNING INVESTMENTS, LLC d/b/a HORNING
ROOFING & SHEET METAL CO., LLC and
ZIONSVILLE COMMUNITY SCHOOLS,

Defendants.

No. 1:26-cv-1404

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Hastings Insurance Company f/k/a Hastings Mutual Insurance Company ("Hastings"), brings this Complaint for Declaratory Judgment against Horning Investments, LLC d/b/a Horning Roofing & Sheet Metal Co., LLC ("Horning"), and Zionsville Community Schools ("Zionsville"), seeking a declaration of the parties' rights and obligation under a contract of insurance.

## NATURE OF THE ACTION

1. This is a declaratory judgment action brought pursuant to 28 U.S.C. Section 2201.

2. An actual and justiciable controversy exists between Hastings and Horning. This action will resolve a dispute as to whether a policy of insurance issued by Hastings to Horning obligates Hastings to defend or indemnify Horning in connection with an underlying lawsuit captioned: *Zionsville Community Schools v. Horning Investments, LLC d/b/a Horning Roofing & Sheet Metal Co., LLC* in the Circuit Court of Boone County, Indiana as Cause No. 06C01-2512-PL--002470 (the "*Zionsville* Lawsuit").

3. Horning is not entitled to a defense or indemnity under the insurance policy issued by Hastings because the allegations of the Complaint in the *Zionsville* Lawsuit are not covered

under the insurance policy's Coverage A and Coverage B Insuring Agreements, and because the exclusions contained in the policy bar coverage for Horning.

## PARTIES, JURISDICTION & VENUE

4. Plaintiff Hastings is a corporation organized under the laws of Michigan with its principal place of business in Hastings, Michigan, and Hastings is a citizen of Michigan.

5. Defendant Horning is a limited liability company organized under the laws of Indiana with its principal place of business in Indianapolis, Indiana, and Horning is a citizen of Indiana.

6. Defendant Zionsville is an Indiana municipal schools corporation with its principal place of business in Zionsville, Indiana, and Zionsville is a citizen of Indiana.

7. The amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

8. Jurisdiction exists under 28 U.S.C. Section 1332. Plaintiff Hastings is a citizen of Michigan, and the Defendants, Horning and Zionsville, are Indiana citizens. Therefore, complete diversity exists between the Plaintiff and the Defendants. The amount in controversy exceeds the jurisdictional minimum.

9. Venue is appropriate in this District under 28 U.S.C. Section 1391(b)(1) and Section 1391(b)(2) because the Defendants reside in this District and/or the incident that gives rise to this dispute occurred in this District.

10. Zionsville is named herein solely to the extent that it is considered a necessary party to this declaratory judgment action and has been joined solely to be bound by the judgment rendered by the Court in this case. No specific relief is sought against Zionsville. If Zionsville will stipulate and agree to be bound by the resolution of this case, Hastings will seek to voluntarily dismiss Zionsville.

2

**UNDERLYING LAWSUIT**

11.     On December 17, 2025, Zionsville filed the *Zionsville* Lawsuit against Horning in the Circuit Court of Boone County, Indiana as Cause No. 06C01-2512-PL--002470. A copy of the *Zionsville* Lawsuit Complaint is attached hereto as **Exhibit 1**.

12.     In the *Zionsville* Lawsuit, Zionsville alleges that it entered a contract with Horning for roofing repairs at three Zionsville school buildings, and that the contract for the work called for Zionsville to make progress payments to Horning over the course of the work.

13.     In the *Zionsville* Lawsuit, Zionsville alleges that under its contract with Horning, Horning would submit Applications for Payment to the Construction Manager, Skillman Corporation ("Skillman"), and that Skillman would review the Applications for Payment and issue payment recommendations to Zionsville.

14.     In the *Zionsville* Lawsuit, Zionsville alleges that Horning was a victim of a cyberattack that resulted in a breach of Horning's electronic data security, and that the perpetrator of the cyberattack sent emails to Skillman in February and March of 2024, as part of cyberattack phishing scam, which provided Skillman with false ACH payment information for Horning and that asked Zionsville to send payments to bank accounts that did not belong to Horning.

15.     In the *Zionsville* Lawsuit, Zionsville alleges that Horning became aware in early 2024 that it was the victim of a cyberattack and that the perpetrator of the cyberattack was sending phishing emails to Horning's business clients, but that Horning did not make any effort to notify Zionsville about the cyberattack, data breach, and phishing scam until August of 2024.

16.     In the *Zionsville* Lawsuit, Zionsville alleges that on April 15, 2025, it issued payments in the amounts of $181,388.25 and $128,846.50 to what it believed to be Horning's correct ACH account based on the fraudulent ACH information that Zionsville had received in the phishing scam email.

17.     In the *Zionsville* Lawsuit, Zionsville alleges that on August 19, 2024, Horning made a demand to Zionsville for payment of an outstanding balance of $310,234.75, and on that same date Horning advised Skillman of the fraudulent ACH information and payment and noted that Horning had been aware of the fraudulent activity at least April 2024.

18.     In the *Zionsville* Lawsuit, Zionsville has sued Horning for Negligence; Negligence Due to Violation of Statutory Due under Indiana Code Sections 24-4.9-3-1 and 24-4.9-3-3; Breach of Contract; and Unjust Enrichment. Zionsville asks the court to enter judgment against Horning in an amount that will fully and fairly compensate Zionsville for its damages and disgorge Horning of all assets to which it has been unjustly enriched, plus costs of suit and interest.

## THE HASTINGS POLICY

19.     Hastings issued Commercial Package Policy No. CPP-9925317 to Horning for the May 1, 2023 to May 1, 2024 policy period, which includes Commercial General Liability Coverage with limits of $1,000,000 each occurrence and $2,000,000 in the general aggregate (the "Hastings Policy"). A  copy of the Hastings Policy is attached hereto as **Exhibit 2.**

20.     The Hastings Policy includes Commercial General Liability Coverage Form CG 00 01 04 13, which includes the following Coverage A Insuring Agreement:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.      Insuring Agreement**

> **a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion,

investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)**    The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

**(2)**    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

**b.**    This insurance applies to "bodily injury" and "property damage" only if:

**(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)**    The "bodily injury" or "property damage" occurs during the policy period; …

21.    The Hastings Policy also includes the following Insuring Agreement for Coverage

B for Personal Injury and Advertising Injury Liability:

## COVERAGE B – PERSONAL INJURY AND ADVERTISING INJURY LIABILITY

**1.    Insuring Agreement**

**a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)**    The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

**b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

22. The Hastings Policy also contains the following Coverage A exclusion for Contractual Liability:

**b.    Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement….

23. The Hastings Policy also contains the following Coverage A exclusion for Recording And Distribution Of Material Or Information In Violation of Law:

**q.    Recording And Distribution Of Material Or Information In Violation of Law**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

(1) The Telephone Consumer Protection Act (TCPA),

(2) The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

(3) The Fair Credit Reporting Act (FRCA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or

(4) Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending,

transmitting, communicating or distribution of material or information….

24.     The Hastings Policy also contains the following Coverage B exclusion for Knowing

Violation Of Rights Of Another:

**a.      Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury"….

25.     The Hastings Policy also contains the following Coverage B exclusion for

Contractual Liability:

**e.      Contractual Liability**

"Personal and advertising injury" for which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

26.     The Hastings Policy also contains the following Coverage B exclusion for Breach

of Contract:

**f.      Breach of Contract**

"Personal and advertising injury" arising out of a breach of contract, except at implied contract to use another's advertising idea in your "advertisement"….

27.     The Hastings Policy also contains the following Coverage B exclusion for

Recording And Distribution Of Material Or Information In Violation of Law:

**p**.      **Recording And Distribution Of Material Or Information In Violation of Law**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**(1)**     The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

7

> **(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;
>
> **(3)** The Fair Credit Reporting Act (FRCA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or
>
> **(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information….

28. The Hastings Policy also contains the following Exclusion – Access Or Disclosure Of Confidential Or Personal Information And Data-Related Liability – With Limited Bodily Injury Exception":

> **EXCLUSION – ACCESS OR DISCLOSURE OF CONFIDEDNTIAL OR PERSONAL INFORMATION AND DATA-RELATED LIABILITY – WITH LIMITED BODILY INJURY EXCEPTION**
>
> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> **A.** Exclusion **2.p.** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:
>
> **2.    Exclusions**
>
> This insurance does not apply to:
>
> **p.    Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability**
>
> Damages arising out of:
>
> **(1)** Any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information; or

**(2)** The loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of that which is described in Paragraph **(1)** or **(2)** above.

However, unless Paragraph **(1)** above applies, this exclusion does not apply to damages because of "bodily injury".

As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

**B.** The following is added to Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**

**2.    Exclusions**

This insurance does not apply to:

**Access Or Disclosure Of Confidential Or Personal Information**

"Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

**(1)** This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information….

9

\*       \*       \*

29.     The Hastings Policy also contains the following Exclusion Of Liability Coverage for Reasonably Expected Injury:

**EXCLUSION OF LIABILITY COVERAGE FOR REASONABLY EXPECTED INJURY**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE FORM

It is agreed that EXCLUSION 1.a. in the Businessowners Liability Coverage Form, and EXCLUSION 2.a. in all other Coverage Forms subject to this endorsement are deleted and replaced by the following:

EXCLUSION

This insurance does not apply to "bodily injury" or "property damage" which may reasonably be expected to result from the intentional or criminal acts of an "insured" or which is in fact intended by an "insured". This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\*       \*       \*

## COUNT I – DECLARATORY JUDGMENT

30.     Horning has requested defense and indemnity coverage in relation to the *Zionsville* Lawsuit under the Hastings Policy.

31.     The *Zionsville* Lawsuit does not allege "bodily injury," "property damage," an "occurrence" or "personal and advertising injury" as those terms are defined in the Hastings Policy and as required by the Hastings Policy's Coverage A and Coverage B Insuring Agreements.

32.     The Hastings Policy's Coverage A exclusions bar coverage for Horning in connection with the *Zionsville* Lawsuit.

33.     The Hastings Policy's Coverage B exclusion bar coverage for Horning in connection with the *Zionsville* Lawsuit.

34.    The Hastings Policy's Exclusion – Access Or Disclosure Of Confidential Or Personal Information And Data-Related Liability With Limited Bodily Injury Exception bars coverage for Horning in connection with the *Zionsville* Lawsuit.

35.    The Hastings Policy's Exclusion Of Liability Coverage for Reasonably Expected Injury bars coverage for Horning in connection with the *Zionsville* Lawsuit.

36.    Hastings is entitled to a declaration that it does not have a duty to defend or indemnify Horning under the Hastings Policy for the *Zionsville* Lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Hastings Insurance Company f/k/a Hastings Mutual Insurance Company, respectfully requests:

A.    That this Court find and declare that Hastings has no duty to defend or indemnify Horning in connection with the *Zionsville* Lawsuit;

B.    That Hastings be awarded its costs of suit; and

C.    That this Court grant such other and further relief as it deems proper under the evidence and circumstances.

Respectfully submitted,

CASSIDAY SCHADE LLP

By:    /s/ Daniel J. Sheroff
         One of the Attorneys for Plaintiff, Hastings Insurance Company f/k/a Hastings Mutual Insurance Company

CASSIDAY SCHADE LLP
Daniel J. Sheroff, #32146-53
dsheroff@cassiday.com
101 West Ohio Street, Suite 1275
Indianapolis, IN 46204
(317) 613-2350

## CERTIFICATE OF SERVICE

I, Daniel J. Sheroff (Attorney No. 32146-53), hereby certify that on July 2, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to all attorneys of record in this case.

  /s/ Daniel Sheroff  